(No. 75-958—■■■■)

EDWARD S. FUSEK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 23, 1975.*

HOLDERMAN, J.

Claimant seeks payment in the amount of $998.30 for legal services he rendered the Illinois Liquor Control Commission in filing an appeal from a judgment rendered against the Liquor ·Commission by the Circuit Court. The Liquor Commission had instituted proceed-

ings pro se against the City of Joliet and the Mayor of Joliet. The City of Joliet had adopted an ordinance prohibiting the sale or delivery of alcoholic beverages to persons 19 and 20 years old. The Commission contended that the City Ordinance controvened the State statute which permits the sale and gift of beer and wine by license holders to persons 19 and 20. It was argued that the City Ordinance was invalid. The trial court ruled in favor of the City of Joliet and the Liquor Commission appealed to the Appellate Court.

The Liquor Commission was not represented by the Attorney General, either at the trial in the Circuit Court or on the appeal. On appeal, the Attorney General filed a petition seeking leave to intervene and asking that the appeal be dismissed. The motion to intervene was denied, and the Appellate Court heard the appeal on its merits and ruled in favor of the City of Joliet.

Claimant here rendered various services on behalf of the Commission in perfecting the appeal.

In its motion to dismiss, the State takes the position that the Liquor Commission, as an agency of the State, shall incur obligations for payment from public funds only as authorized by law, and that the statute defining the powers of the Illinois Liquor Control Commission *(Ill.Rev.Stat., Ch. 43, §97)* does not authorize an officer of the Commission to engage legal counsel other than the Attorney General. The Attorney General cites *Dunlop v. State of Illinois, 3 Ill.Ct.Cl. 107,* and quotes therefrom:

The Attorney General is the law officer of the State and the State cannot incur an expense for attorney's fees without his special order.

The case of *Fergus v. Russell, 270 Ill. 304* was further cited.

The Attorney General intimates that Claimant may have a cause of action against those who employed him.

In answer to this, the Claimant points out that this issue was raised in the petition to intervene filed by the Attorney General in the City of Joliet case.

The Court has examined the brief in support of the petition for intervention filed by the Attorney General in the City of Joliet case, and it is true that the matters were set forth in that petition and the position taken was identical with the State's position before this Court.

We hold, however, that the Appellate Court's denial of the motion to intervene was not a finding that the Liquor Control Commission was authorized to hire private attorneys.

Had the Appellate Court intended to sanction the employment of private attorneys to handle litigation for State agencies, it surely would have so stated in its order of May 8, 1974, and announced that it was reversing a long line of cases following *Fergus v. Russell, 270 Ill. 304* in which the Supreme Court said at page 342:

The Attorney General is the chief law officer of the State, and the only officer empowered to represent the people in any suit or proceeding in which the State is the real party in interest, except where the constitution or a constitutional statute may provide otherwise. With this exception, only, he is the sole official adviser of the executive officers and of all boards, commissions and departments of the State government, and it is his duty to conduct the law business of the State, both in and out of the courts.

Claimant cites no law authorizing the Liquor Control Commission to engage legal counsel other than the Attorney General, nor does Claimant question the authorities cited in Respondent's motion to dismiss. Claimant's objection to said motion is based solely on the assumption that the question of proper legal representation of the Commission was decided by the Appellate Court in its brief, one sentence order of May 8, 1974, which merely stated:

The Motion of William J. Scott, Attorney General of the State of Illinois, to intervene and dismiss the appeal and other relief sought is denied.

The authority of the Attorney General as stated in *Fergus* being well understood by the Appellate Court, we think it more logical to assume that his motion was denied only because the Court did not favor a dismissal of the appeal at that particular stage in the litigation without the appellant's consent, and without rendering a judicial ruling on certain "home-rule" issues of general public interest.

The Appellate Court did in fact dismiss the appeal in its landmark opinion of March 5, 1975, *Ill. Liquor Control Commission v. City of Joliet, 324 N.E.2d 453*. In upholding the Joliet Ordinance (which set a 21 year old minimum drinking age for beer and wine, notwithstanding the 19 year old minimum age established by the State statute) the Court reached the same conclusions of law on which the Attorney General had decided that it would be futile to challenge this City Ordinance or to appeal the judgment of the Circuit Court which had previously upheld it.

If the Appellate Court had granted the Attorney General's motion to dismiss the appeal before rendering its opinion, all governmental units would have been deprived of some very significant judicial interpretations dealing with the powers of "home-rule" municipalities in the area of liquor control.

We find that the position of the Attorney General is sustained by the authorities cited in the motion to dismiss this claim.

Respondent's motion to dismiss is granted.